2:19mj265

# AFFIDAVIT



FILED
MAY 10 2019
CLERK, US DISTRICT COURT
NORFOLK, VA

I, John H. Galbreath, being duly sworn, depose and state as follows:

## EXPERIENCE AND TRAINING

1. I am currently a Task Force Officer of the Drug Enforcement Administration (DEA), Norfolk Resident Office (NRO). I am also a special agent with the Virginia State Police (VSP). I have been employed in this capacity since February 7, 2007. I have been assigned to the Virginia State Police Bureau of Criminal Investigations since 2015. In April of 2015, I was deputized as a Task Force Officer with DEA in Norfolk, Virginia.

2. I am familiar with the facts and circumstances of this investigation, as a result of the information received by me and summarized in the reports I have reviewed. I have compiled information derived from discussions and interviews with experienced law enforcement officers and agents. I have not set forth each and every fact learned during the course of this investigation, but have only set forth those facts that I believe are relevant to establish probable cause.

3. I submit this Affidavit in support of a criminal complaint and arrest warrant charging CHRISTOPHER LEE SMITH with possession with intent to distribute a quantity of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## FACTS SUPPORTING PROBABLE CAUSE

4. On February 1, 2019, VSP observed a gold Nissan vehicle west bound on Route 58 in Suffolk, Virginia. At approximately 6:30 p.m., VSP Trooper L. Holmes initiated a traffic stop on the gold Nissan bearing Virginia tags UYR-4185, after observing the vehicle make an un-signaled lane change from the center lane to the right lane.

5. Trooper Holmes made contact with the driver, who was later identified as CHRISTOPHER LEE SMITH and a front seat passenger, later identified as "JS," SMITH's brother. Trooper Holmes explained to SMITH why the traffic stop was initiated.

6. At approximately 6:35 p.m., Norfolk Police Department Investigator S.C. Jacobs, of the Norfolk Interdiction Unit, arrived at the scene of the traffic stop with his K-9 narcotics detector dog. After a brief interaction with both occupants of the vehicle, the officers asked both occupants to exit the gold Nissan, so that Investigator S.C. Jacobs and his K-9 narcotic detector dog could screen the vehicle for the presence of illegal narcotics. At approximately 6:39 p.m., Investigator S.C. Jacobs informed the Troopers on scene that his K9 dog had alerted to the presence of illegal narcotics emanating from the vehicle.

7. Based on the aforementioned events, investigators and I began a search of the gold Nissan bearing Virginia tags UYR-4185. While conducting the search, I recovered approximately




456 grams of suspected powder cocaine from the back seat of the vehicle, concealed in the pocket of a jacket. Subsequent to the recovery of the narcotics, Troopers placed both CHRISTOPHER SMITH and "JS" in police custody. As I approached the occupants of the vehicle, CHRISTOPHER SMITH spontaneously uttered, *"Sir, can I talk to you? Sir, anything that you find in that car belongs to me. My brother don't have anything to do with what I'm doing. He just got home yesterday and he don't have nothing to do with anything in that car."* A Virginia Department of Motor Vehicles query of the gold Nissan bearing Virginia tags UYR-4185, identified CHRISTOPHER LEE SMITH as the registered owner of the vehicle.

8. VSP troopers then transported both SMITH and "JS" to the Western Tidewater Regional Jail. There, I read SMITH his Miranda Rights, as observed by Trooper Holmes. After acknowledging that he fully understood his legal rights, SMITH reiterated his ownership of the cocaine evidence recovered from the vehicle.

9. I maintained custody of the cocaine evidence and later performed a field test, which yielded positive results for the presence of cocaine. The cocaine evidence was later processed in the prescribed manner and sent to the DEA Mid Atlantic Laboratory for analysis, as observed by DEA TFO L. Jackson.

## CONCLUSION

10. Based on the foregoing facts, I believe that there is sufficient probable cause to charge CHRISTOPHER LEE SMITH with possession with intent to distribute a quantity of cocaine, in violation of Title 21, United States Code Sections 841(a)(1) and (b)(1)(C), and ask that a warrant be issued for his arrest.

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

_____
John H. Galbreath
Task Force Officer, DEA

Seen and Reviewed:

_____
Sherrie S. Capotosto
Assistant United States Attorney

SWORN AND SUBSCRIBED TO BEFORE ME, this ___10th___ day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
at Norfolk, Virginia
Douglas E. Miller
United States Magistrate Judge


